# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOSEPH TREZCIAK,

    Petitioner,   :  Case No. 1:16-cv-1055

 - vs -         District Judge Susan J. Dlott
              Magistrate Judge Michael R. Merz

JOHN COLEMAN, Warden,
 Toledo Correctional Institution,
             :
    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by Petitioner Joseph Trezciak with the assistance of counsel. The case was initially filed in the Northern District of Ohio where Petitioner is in custody, but was transferred here shortly after filing because Mr. Trezciak's conviction occurred in the Brown County, Ohio, Common Pleas Court, and Brown County is in the Southern District of Ohio. Both the Northern and Southern Districts thus have jurisdiction and the transfer was proper under 28 U.S.C. § 2241(d).

The case is pending on the Petition (ECF No. 1), the State Court Record (ECF No. 10), the Return of Writ (ECF No. 11), and the Petitioner's Reply (ECF No. 13). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance with Magistrate Judge workload in the Western Division.

1

**Procedural History**


On August 7, 2013, the Brown County Grand Jury issued an indictment charging Trzeciak with one count of murder (Ohio Revised Code § 2903.02(A)) (Count 1), with a firearm specification. The charge stemmed from the June 7, 2013, shooting death of Trezciak's cousin James Mootispaw, at the Hyde Park Apartments in Mt. Orab, Brown County, Ohio as Mootispaw attempted to flee with $1,200 of Trzeciak's money. The case was tried to a jury which returned guilty verdicts on the murder count and the firearm specification. The Common Pleas Court then imposed a sentence of fifteen years to life on the murder count plus a consecutive three years on the firearm specification.

Petitioner then appealed to the Twelfth District Court of Appeals, raising the following assignments of error:

1. The trial court erred by giving improper and inaccurate instructions to the jury.
2. The trial court erred by failing to exclude prejudicial evidence.
3. The verdict was against the weight of the evidence.

The Twelfth District affirmed the conviction, rejecting these assignments. *State v. Trzeciak,* 2015-Ohio-2219, 2015 Ohio App. LEXIS 2135 (12th Dist. Jun. 8, 2015), further appellate jurisdiction declined, 2015-Ohio-5225, 2015 Ohio LEXIS 3378 (Dec. 16, 2015).

Having failed to obtain Ohio Supreme Court review of his conviction, Mr. Trezciak through counsel filed his Petition for Writ of Habeas Corpus raising the following grounds for relief:

> **GROUND ONE:** Petitioner's conviction was obtained in violation of the due process clause of the constitution as a result of the court's erroneous jury instructions.

> **Supporting Facts:** The trial court improperly instructed the jury that the essential element of purposely could be met regardless of the defendant's intentions.
>
> **GROUND TWO:** The conviction was obtained in violation of the right to due process and a fair trial by the admission of irrelevant, inadmissible, and unduly prejudicial evidence.
>
> **Supporting Facts:** The trial court admitted demonstrative exhibits from the prosecutors' office which included photographs of the defendant overlaid with the word "murder."
>
> **GROUND THREE:** Insufficient evidence[.]

(Petition, ECF No. 1, PageID 6-9.)

# Analysis

**Ground One: Unconstitutional Jury Instruction on an Element of Murder**

In his First Ground for Relief, Petitioner asserts the trial court's instruction on the "purposeful" element of murder deprived him of due process by misleading the jury (Brief in Support of Petition, ECF No. 1-1, PageID 20-26). Respondent asserts that the First Ground for Relief raises only errors of state law and is therefore not cognizable in federal habeas corpus (Return of Writ, ECF No. 11, PageID 186-89). In the Reply, counsel essentially repeats the argument made in the Brief in Support, except that she now alleges the jury instruction deprived Petitioner of his rights under the Fifth, Sixth, and Fourteenth Amendments (ECF No. 13, PageID 204).

In the Reply, Petitioner discusses the Court's "conducting its *de novo* review," but then proceeds to discuss the First Ground for Relief under the deferential standard of review in 28

U.S.C. § 2254(d). To determine the standard of review, this Court must look first to what the state courts decided. The jury instruction claim was Trezciak's First Assignment of Error on direct appeal. He argued first that the "trial court incorrectly determined that the use of a firearm to stop a person is conclusive proof of purpose to commit murder" (Appellant's Brief, State Court Record, ECF No. 10, PageID 61, citing three Ohio cases, an Arkansas case, and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution). Under the same assignment of error, he argued "[i]t is error to instruct the jury that a defendant's purpose to murder may be found 'regardless of what he or she intended to accomplish.'" *Id.*, citing six Ohio cases and two sections of Ohio Jury Instructions. The actual argument of the First Assignment is entirely in terms of what is required to prove purpose to kill under Ohio law; no constitutional argument is made at all. The same thing is true of the Reply Brief. *Id.* at PageID 108, *et seq.*

The Twelfth District Court of Appeals decided the First Assignment of Error as follows:

> Assignment of Error No. 1:
>
> [*P5] THE TRIAL COURT ERRED BY GIVING IMPROPER AND INACCURATE INSTRUCTIONS TO THE JURY.
>
> [*P6] In his first assignment of error, Trzeciak argues the trial court erred and abused its discretion by providing improper and inaccurate instructions to the jury. We disagree.
>
> [*P7] Initially, Trzeciak argues the trial court erred by finding "intentional shots at a person intended to stop that person is, *per se*, purposeful for a murder charge." According to Trzeciak, this determination led the trial court to improperly instruct the jury by substituting its own judgment for that of the jury in regards to the purpose element of murder. However, that is not what the trial court actually did. Rather, the trial court merely found the evidence did not support an instruction on the lesser included offense of reckless homicide. As discussed more fully below, to warrant an instruction on a lesser included offense, "there must be 'sufficient evidence' to 'allow a jury to reasonably reject the greater offense

and find the defendant guilty on a lesser included offense.'" *State v. Tolle*, 12th Dist. Clermont No. CA2014-06-042, 2015-Ohio-1414, ¶ 11, quoting *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, ¶ 192, 911 N.E.2d 242. That is simply not the case here. Therefore, Trzeciak's first argument is without merit.

**[\*P8]** Next, Trzeciak argues the trial court erred by providing the jury with a confusing instruction in regards to the purpose element of murder. Specifically, Trzeciak claims the trial court erred by instructing the jury as follows:

> When the central idea, essence, or gist of the offense is a prohibition against or forbidding of conduct of a certain nature, a person acts purposely if his or her specific intention was to engage in conduct of that nature, regardless of what he or she may have intended to accomplish by his or her conduct.

**[\*P9]** In support of this claim, Trzeciak cites to the Ohio Supreme Court's decision in *State v. Wilson*, 74 Ohio St.3d 381, 1996 Ohio 103, 659 N.E.2d 292 (1996), wherein the Supreme Court found "the 'gist of the offense' language is confusing in a murder prosecution which requires 'purpose.'" *Id.* at 393. Trzeciak also cites to the Fourth District Court of Appeals' decision in *State v. Petit*, 4th Dist. Vinton No. 99CA529, 2000 Ohio App. LEXIS 3075, 2000 WL 897993 (July 5, 2000), a case in which the Fourth District found the use of the so-called "gist of the offense" language in a murder prosecution "did not make clear to the jury that appellant needed to specifically intend to cause the death of the victim[.]" 2000 Ohio App. LEXIS 3075, [WL] at \*4.

**[\*P10]** Like the Ohio Supreme Court found in *Wilson*, when read in isolation, the so-called "gist of the offense" language utilized by the trial court could lead to some confusion in a murder prosecution. However, it is well-established [sic] that this court must consider jury instructions in their entirety, not merely in isolation. *State v. Delawder*, 4th Dist. Scioto No. 10CA3344, 2012-Ohio-1923, ¶ 30, citing *State v. Price*, 60 Ohio St.2d 136, 398 N.E.2d 772 (1979), paragraph four of the syllabus. In turn, "'[i]nstructions that, in their totality, are sufficiently clear to permit the jury to understand the relevant law will not be the cause of a reversal upon appeal.'" *State v. Dougherty*, 12th Dist. Preble, 2014-Ohio-4760, ¶ 48, 21 N.E.3d 329, quoting *State v. Stevens*, 5th Dist. Morgan No. 07-CA-0004, 2008-Ohio-6027, ¶ 44. "[T]he trial court's use of the 'gist of the offense' language does not have the effect of diluting the state's burden of proof when the term

> 'purposefully' is otherwise properly defined in the instructions." *State v. Lewis*, 11th Dist. Lake No. 2012-L-074, 2013-Ohio-3974, ¶ 75, citing *State v. Hamilton*, 8th Dist. Cuyahoga No 86520, 2006-Ohio-1949, ¶ 46.
>
> **[*P11]** Here, when read in context with the remainder of the trial court's jury instructions, the trial court provided the jury with sufficient instructions in regards to the purpose element of murder. For instance, as the trial court correctly stated as part of its instructions to the jury, "[a] person acts purposely when it is his or her specific intention to cause a certain result." The trial court also instructed the jury that in order to find Trzeciak guilty, "[i]t must be established in this case that at the time in question there was presented in the mind of the defendant a specific intention to cause the death of James Andrew Mootispaw." The trial court further instructed the jury that "[p]urpose is a decision of the mind to do an act with a conscious objective of producing a specific result or engaging in specific conduct. To do an act purposely is to do it intentionally and not accidentally."
>
> **[*P12]** These instructions are substantially similar to the relevant definition of "purposely" as found in R.C. 2901.22(A), as well as the model jury instructions provided by the Ohio Jury Instructions manual. Therefore, unlike the Fourth District's decision in *Petit*, when considering the jury instructions in their entirety, we find the trial court properly instructed the jury on the purpose element of murder. *See State v. Bailey*, 8th Dist. Cuyahoga No. 81498, 2003-Ohio-1834, ¶ 56. In reaching this decision, we note that Trzeciak's trial counsel also correctly informed the jury as part of his closing argument that "the definition for 'purpose' is a specific intent to cause the death." Accordingly, Trzeciak's second argument is similarly without merit.

*State v. Trezciak, supra.*

As can readily be seen, the Twelfth District does not appear to have been deciding a federal constitutional question or to have thought that is what they were doing. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States

Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). But the Twelfth District did not decide the federal constitutional question pleaded in the First Ground for Relief, so the AEDPA standard of review does not apply.

Of course, to the extent Trezciak is arguing that the Twelfth District wrongly decided the question of Ohio law actually presented to it, this Court cannot review that decision. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

To the extent Trezciak is arguing that the instruction actually given on the purposeful element violates the United States Constitution, he has procedurally defaulted on that claim because he never presented it to the state courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "[A]bsent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(*citing Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996)); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

> First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. . . . Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.

*Lovins*, 712 F.3d at 295, *citing Williams*, 450 F.3d at 806.

Trezciak has procedurally defaulted his First Ground for Relief because he never presented it as a constitutional claim to the Ohio courts and, because it would have been available on direct appeal, an attempt to present it now would be barred by res judicata. *State v. Perry*, 10 Ohio St. 2d 175 (1967).

Trezciak's First Ground for Relief should therefore be dismissed.

**Ground Two: Improper Admission of Evidence**

In his Second Ground for Relief, Trezciak argues he was denied due process and a fair trial when the trial court admitted photographs of him overlaid with the word "murder." (Petition, ECF No. 1, PageID 8.) Respondent asserts this Ground for Relief is procedurally defaulted because it was never presented to the Ohio Supreme Court on direct appeal. (Return, ECF No. 11, PageID 189-91.) Trezciak makes no response in his Reply.

Under those circumstances, the Second Ground for Relief should be dismissed.

**Ground Three: Insufficient Evidence**

In his Third Ground for Relief, Petitioner asserts he was convicted on insufficient evidence (Petition, ECF No. 1, PageID 9). Respondent argues that this Ground for Relief is procedurally defaulted because it was never presented to the Ohio courts (Return, ECF No. 11, PageID 189). Petitioner makes no response to this argument and examination of the State Court Record confirms its accuracy: Petitioner presented a legally distinct claim that his conviction was against the manifest weight of the evidence and then did not appeal that conclusion to the Ohio Supreme Court. The Third Ground for Relief should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability. The Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore Petitioner should not be permitted to proceed *in forma pauperis*.

December 12, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).